IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHUKWUMA E. AZUBUKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-095-SLR |
| | ) |
| DENIS RIORDAN, DISTRICT | ) |
| DIRECTOR OF UNITED STATES' | ) |
| DEPARTMENT OF HOMELAND | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

**I. INTRODUCTION**

Plaintiff Chukwuma E. Azbuko,[1] a pro se litigant, filed this

---

[1] Plaintiff has an extensive litigation history. In the past eleven years, he has filed numerous lawsuits that have been dismissed as frivolous or for failure to state a claim or on res judicata grounds. See e.g., Azubuko v. Giorlando, 213 F.3d 625 n. 2 (2d Cir. 2000)(unpublished table decision), available at 2000 WL 553184; Azubuko v. Rufo, 108 F.3d 328 (1st Cir. 1997)(unpublished table decision); Azubuko v. Louisiana, No. 04-1768, 2004 WL 2360163 (E.D. La. Oct. 19, 2004); Azubuko v. Board of Trustees of Framingham State College, C.A. No. 95-1035 (D. Mass. May 5, 1995); Azubuko v. Board of Trustees of Framingham State College, C.A. No. 93-11398-T (D. Mass. Nov. 10, 1994); Azubuko v. Registrar of Motor Vehicles, C.A. No. 75-10763-Y (D. Mass April 19, 1995); Azubuko v. Commissioner of Registry, 45 F.3d 423 (1st Cir. 1995); Azubuko v. Board of Trustees of Framingham State College, Middlesex Super. Ct., C.A. No. 97-5662 (1988); Azubuko v. Board of Trustees of Framingham State College, Suffolk Super. Ct., C.A. No. 97-5015-B (1998); Azubuko v. Peter Lauriat, Justice of the Super. Ct., Suffolk Super. Ct., C.A. No. 97-5016-C (1988). He has also filed numerous petitions for certification, writs for extraordinary relief and appeals in the United States Supreme Court. See Azubuko v. Berkshire Mut. Ins. Co., ___ U.S. ___, 125 S.Ct. 643 (Nov. 29, 2004); Azubuko v. Berkshire Mut. Ins. Co., ___ U.S. ___, 125 S.Ct. 202 (Oct. 4, 2004); In re Azubuko, 522 U.S. 806 (Oct. 6, 1997); Azubuko v. Montgomery, 520 U.S. 1225 (May 12, 1997); Azubuko v. Registrar of

action pursuant to 42 U.S.C. § 1981,[2] and 8 U.S.C. 1422.[3] (D.I. 2) He requested leave to proceed in forma pauperis pursuant to

---

Motor Vehicles, 520 U.S. 1225 (May 12, 1997); Azubuko v. First Nat. Bank of Boston, 520 U.S. 1205 (Apr. 28, 1997); Azubuko v. Liberty Mut. Ins. Group, 520 U.S. 1188 (Apr. 21, 1997); Azubuko v. Bd of Directors, British Airways, 520 U.S. 1188 (Apr. 21, 1997); Azubuko v. Bd of Trustees, Framingham State College, 520 U.S. 1193 (Apr. 21, 1997); Azubuko v. Registrar of Motor Vehicles, 520 U.S. 1157 (Mar. 31, 1997); Azubuko v. First Nat. Bank of Boston, 520 U.S. 1127 (Mar. 17, 1997); Azubuko v. Montgomery, 520 U.S. 1106 (Mar. 3, 1997); Azubuko v. Bd of Trustees, Framingham State College, 519 U.S. 1134 (Feb. 18, 1997); Azubuko v. Mass. Com'r of Registry, 516 U.S. 919 (Oct. 10, 1995); Azubuko v. Murdoch, 515 U.S. 1125 (Jun. 5, 1995); Azubuko v. Chief Probation Officer, 514 U.S. 1070 (May 30, 1995); Azubuko v. Chief Probation Officer, 514 U.S. 1070 (Apr. 17, 1995); Azubuko v. Commissioner of Parking, City of Boston, 513 U.S. 1137 (Jan. 23, 1995); Azubuko v. Commissioner of Parking, City of Boston, 513 U.S. 983 (Oct. 31, 1994). The frequent and repetitive filings caused the United States Court of Appeals for the Second Circuit to admonish plaintiff that "future frivolous filings may result in sanctions, which may include monetary sanctions or prohibition from further filings in this Court." Azubuko, 2000 WL 553184, at *1.

[2] 42 U.S.C.A. § 1981 protects the rights of all persons within the jurisdiction of the United States to "make and enforce contracts," to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. To "make and enforce contracts" is defined for purposes of this section as the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

[3] "The right of a person to become a naturalized citizen of the United States shall not be denied or abridged because of race or sex or because such person is married." 8 U.S.C. § 1422.

28 U.S.C. § 1915. (D.I. 1)

**II. STANDARD OF REVIEW**

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the court must determine whether the plaintiff is eligible for pauper status. Whether to grant or deny an in forma pauperis petition lies within the sound discretion of the trial court. Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985). Factors to consider in this determination are: (1) whether the plaintiff is employed; (2) plaintiff's annual salary; and (3) any other property or assets the plaintiff may possess. See e.g. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)(detailing economic standards to be employed in deciding in forma pauperis applications); United States v. Scharf, 354 F. Supp. 450 (E.D. Pa. 1973)(same). The right to proceed in forma pauperis, particularly in pro se cases, should generally be granted where the required affidavit of poverty is filed, except in extreme circumstances. Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976), citing Lockhart v. D'Urso, 408 F.2d 354 (3d Cir. 1969).

Plaintiff has submitted an affidavit stating that he receives about $11,000 "P.A. as a substitute teacher" in the Boston, Massachusetts Public Schools. (D.I. 1) He also earns approximately $1,200 from his transportation service, and has about $70 in two bank accounts. (Id.) Plaintiff lists his two

3

children as people 100% dependent on him for financial support. Considering plaintiff's obligations and income in light of the authority above, the court finds plaintiff does not have the ability to pay the $250 filing fee, and the petition to proceed in forma pauperis is granted.[4]

Having made the pauper determination, the court must determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[5] If plaintiff's complaint falls under any one of the exclusions listed in the statutes, the complaint will be dismissed.

When reviewing complaints pursuant to 28 U.S.C.

---

[4] The court is mindful of a contrary decision by the United States District Court for the Eastern District of Pennsylvania. Azubuko v. Massachusetts State Police, 2004 WL 2590502 (E.D. Pa. Nov. 12, 2004). There, the court denied the in forma pauperis petition based on similar financial information, but at the time the filing fee was $150 not $250, as now required. While denying plaintiff's petition, the court, nonetheless, undertook review under 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissed the complaint for failure to state a claim on which relief could be granted. (Id.)

[5] These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers or employees before docketing, if feasible, and to dismiss those complaints falling under the categories listed in § 1915A (b)(1).

§§ 1915(e)(2)(B)-1915A(b)(1), the court must apply the standard of review provided for in Fed. R. Civ. P. 12(b)(6). <u>Shane v. Fauver</u>, 213 F.3d 113, 117 (3d Cir. 2000). According to the Third Circuit, "if a claim is based on facts that provide no basis for the granting of relief by the court, the claim must be dismissed." <u>Id.</u> The standard for determining whether an action is frivolous is well established. The Supreme Court has explained that a complaint is frivolous "where it lacks an arguable basis either in law or fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).[6]

With this in mind, pro se complaints are reviewed under "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

## III. DISCUSSION

### A. Naturalization Decision

In a rambling recitation of events, plaintiff claims that

---

[6] <u>Neitzke</u> applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Accordingly, cases addressing the meaning of frivolousness under the prior section remain applicable. See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

defendant Denis C. Roirdan, District Director of the Department of Homeland Security, wrongfully "nullified" his "Naturalization Oath Ceremony" based on alleged inaccurate information regarding prior arrests. (D.I. 2) From the documents attached to his complaint, it appears that plaintiff was scheduled to receive the oath of citizenship in October 2004. (D.I.2, Ex. 3) On September 25, 2004, however, defendant notified plaintiff that after a complete examination and investigation, plaintiff's application for naturalization was being denied for "failure to establish good moral character." (D.I. 2, Ex. 2) The denial was based on the following:

> The record of proceeding reflects [plaintiff was] sent on March 26, 2004, a request to submit certified final court disposition of [his] arrest on March 6, 2004 for assault and battery in Boston, MA, and for [his] court appearances in 1989 for assault and battery and 1992 for suspended/revoked license. The Service has not received this documentation. [Plaintiff has] failed to provide within a reasonable period of time all such documents, information, or testimony deemed by the Service to be necessary to complete the adjudication of [plaintiff's] application. Therefore, [plaintiff] failed to meet the burden of demonstrating that [he has] been and continues to be a person of good moral character.

(D.I. 2, Ex. 2, at 2) Displeased with the decision, plaintiff requested a hearing to review the denial and sought waiver of the $250 hearing fee. (Id. at Ex. 3) Although it is unclear from plaintiff's filings whether a review hearing was conducted or whether another decision was issued, in light of the instant action it is reasonable to conclude that the denial of

6

plaintiff's naturalization application remains unchanged.

An applicant seeking a petition for review of a denial determination on an application for naturalization must file a petition for review in the United States District Court having jurisdiction over his place of residence within 120 days after the Service's final determination.  8 CFR § 336.9(b)[7]  Moreover, a "Service determination denying an application for naturalization under 335(a) of the Act shall not be subject to judicial review until the applicant has exhausted those administrative remedies available to the applicant" and "every petition for judicial review shall state whether the validity of the final determination to deny an application for naturalization has been upheld in an prior administrative proceeding and, if so, the nature and date of such proceeding and the forum in which such proceeding took place."  8 CFR § 336.9(d)

Based on this authority, plaintiff was required to file for judicial review of the naturalization determination in the United States District Court located in the state of his residence, Massachusetts, not Delaware.[8]  Plaintiff has further failed to

---

[7]"The petition for review shall be brought against the Immigration and Naturalization Service, and service of the petition for review shall be made upon the Attorney General of the United States, and upon the official in charge of the Service office where the hearing was held pursuant to § 336.2."  8 CFR 336.9(b)

[8]Given the absence of any relationship between the parties or the events detailed in his complaint to the state of Delaware,

follow the statutory scheme by not demonstrating that he has exhausted administrative remedies prior to filing this action.

### B. 42 U.S.C. § 1981

Section 1981 prohibits racial discrimination in the making and enforcement of contracts and property transactions. Brown v. Philip Morris Inc., 250 F.3d 789, 796 (3d Cir. 2001). To maintain a § 1981 discrimination claim, plaintiff must demonstrate that defendant intentionally discriminated against him "because of race in the making, performance, enforcement of the benefits, terms or conditions of the contractual relationship." McBride v. Hosp. of the University of Pa., 2001 WL 1132404, at *3 (E.D. Pa. Sept. 21, 2001). Moreover, plaintiff must show: (1) that he is a member of a racial minority; (2) an intent to discriminate by defendant; and (3) that the discrimination concerned at least one of the activities outlined in § 1981. Id.

Plaintiff's complaint fails to detail discriminatory conduct sufficient to implicate § 1981. There is no contention that defendant's decision to deny naturalization was based on discriminatory reasons. Instead, plaintiff acknowledges that the decision was based on his prior arrests that demonstrated he lacked the "good moral character" required for naturalization

---

the reason for plaintiff filing in this jurisdiction is entirely unclear.

purposes. Although plaintiff disagrees with the arrest information, he does not suggest that this record was formulated or evaluated because of defendant's discriminatory conduct. Moreover, plaintiff's assertions lack information establishing that he is a member of a racial minority protected by § 1981. Id.

Finally, because any attempt to amend the complaint under Fed. R. Civ. P. 15(a) would be futile for the reasons discussed above, plaintiff's complaint is dismissed with prejudice. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434-35 (3d Cir. 1997).

**IV. CONCLUSION**

At Wilmington this 4th day of April, 2005 for the reasons stated;

IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (D.I. 1) is granted.

2. Plaintiff's complaint is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

_____
United States District Judge