

IN THE UNITED STATES' DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| AZUBUKO - <br>    Plaintiff <br><br> vs. <br><br> DENIS RIORDAN – DISTRICT DIRECTOR OF UNITED STATES' DEPARTMENT OF HOME LAND SECURITY - | CIVIL ACTION NUMBER: <br> 05-095-SLR |

**PLAINTIFF'S FIRST ADDENDUM TO 'PLAINTIIFF'S FIRST MOTION FOR RECONSIDERATION'**

INTRODUCTION

The Plaintiff did submit 'Plaintiff First Motion For Reconsideration' dated April 9th to the Honorable Judge Robinson's unfavorable and iconoclastic verdict. The 28 USC Section 1915 these, those and immunity provided the Plaintiff the rationale to act in keeping with the head, thus:

01)     Importantly, the ruling was markedly different from precedents. The invaluability of "Stare Decisis In Constitutional Law" as provided in Article III would not be over-emphasized. [***Bivens v. Six Unknown Federal Narcotic Agents***, 403 U.S. 388 (1971); ***Bell v. Hood***, 327 U.S. 678 (1946) (we reversed question whether violation of that command by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct. Today we hold that it does) The two precedents had significant bearings on the case. They were dismissed at the lower Court for: (1) that it failed to state a federal cause of action and (2) that respondents were immune from suit by virtue of their official position. The Court of Appeals affirmed on that first ground alone. Held: "(1) Petitioner's complaint states a federal cause of action under the Fourth Amendment for which damages are recoverable upon proof of injuries result from the federal agents' violation of that Amendment. Pp.

390-397 and (2) The Court does not reach the immunity question, which was not passed on by the Court of Appeals. Pp. 397-398." Again, the bases for the dismissal mirrored the bases for the case in question bases of dismissal [too]

02) The ruling was mountainously defective, insensitive and unconstitutional. Emphatically, "... the defendant immune from such relief pursuant to U.S.C. Section 1915(e) (2) (B)-1915A (b) (1)" was opposite. The composition of the United States' Constitution Article III Section 2 proved the ruling as the Plaintiff deemed. [http://caselaw.ip.findlaw.com/data/constitution/article03/] [Exhibit 1 pp. 1-2 of 7]

03) Under Article III and the doctrine of *prudential consideration*, Chief Justice Marshall in the case of *Marbury v. Madison* stated:

"It is most true that this Court will not take jurisdiction if it should not, but it is equally true, that it must take jurisdiction if it should. The judiciary cannot, as the legislature may, avoid a measure because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it be brought before us. We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other will be treason to the constitution. As the comment recognizes, because judicial review grows out of the fiction that courts only declare what is in specific cases." [Chief Justice Marshall; [http://caselaw.lp.findlaw.com/data/constitution/artcile03/13/html#7]

04) More, under the doctrines of *Stare Decisis In Constitutional Law* and *Strict Necessity*, the verdict was anomalous. It lent itself to practically innumerable conclusions. Nonetheless, "the least said the better." Judge Robinson had another ample opportunity to rectify the queer and preposterous verdict. Besides, "Homer, sometimes, nods." In essence, one considered the best or greatest would inevitably make [a] mistake/s.

05) It should be advantageous to say that the Legislators had their peccadilloes just like any other person. Reiteratively, "Sometimes, Homer, nods." By and large, it appeared that Legislators un/knowingly contradicted themselves babyishly. The impermanence of their elections fertilized ground for that – no continuity – unlike the judiciary, though unfair and undemocratic. Well, there was a safeguard against such condescension – resolution of conflict of law. In most cases, it would be in favor of the

*master* of the case or it had been reconciled in manners more favorable to the Plaintiff. The Plaintiff subscribed for intellectual humility. The Article III provided for the United States *sovereign immunity* just like the 11th Amendment provision of superficial immunity for the States and its officials. It was entitled: "Immunity of United States from Suit." It read, in part thus:

"Immunity of the United States for negligence of its employees was waived again with limitations, in the Federal Tort Claims Act, 28 U.S.C. Section 1346(a)(2). FDIC v. Meyer, 510 U.S. 471 (1994) (FSLIC's "sue-and-be-sued" clause waives sovereign immunity, but Bivens implied cause of action for constitutional torts cannot be used directly against FSLIC)." Excerpts read:

"Immunity was waived, with limitations for contracts and takings claims in the Tucker Act, 28 USC Section 1346(b)."

"… where Chief Justice Marshall stated that as the United States is "not suable of common right, the party who institutes such suit must bring his case within the authority of some act of Congress, or the Court cannot exercise jurisdiction over it." He thereupon ruled that the act of May 26th, 1830 for the final settlement of land claims in Florida condoned the suit. The doctrine of the exemption of the United States from suit was repeated in various subsequent cases, without discussion not until United States v. Lee that the Court the rule and the reasons for it, and limited its application accordingly."

06)   Article III associated with:
a)    Right of the United States to Sue
b)    Suits Against United States
c)    Suit Against United States Officials and
d)    Suit Against Government Corporations

07)   Under the "Suit Against Government Corporations" an excerpt read, thus:

"The multiplication of government corporations during periods of war and depression has provided one motivation for limiting the doctrine of sovereign immunity. In *Keifer & Keifer v. RFC* 306 U.S. 381 (1939) the Court held that the Government does not become a conduit of its immunity in suits against its agents or instrumentalities mere because they do its work. Nor does the creation of government corporation confer upon it legal immunity. Whether Congress endows a public corporation with government immunity in a specific instance is a matter of ascertaining the Congressional will. Moreover, it has been held that waivers of governmental immunity in the case of federal instrumentalties and corporations should be construed liberally…."

08)   The immunity Judge Robinson used, as its *ratio-decidendi* never existed. Judge Robinson erred in the ruling by accident or design. Excerpts read:

"Mike Ferrill Terminated Screening Manager A 35 Year Army Officer Talks Abuout Duty, Honor, and His Lawsuit Against Tsa." It read in part, thus:

"What is the Cause of Action listed on the Complaint? The Plaintiff, Michael A. Ferrill was required to undertake discriminatory employment actions against minority, American With Disabilities Act, Age-Protected, and Female Federal Employees by Defendant "AFSD-S at SBN," which Plaintiff refused to carry out." Plaintiff was terminated in retaliation of his refusal to engage on discriminatory employment conduct against minority, American With Disabilities Act, Age Protected and Female Federal Employees." This was an excerpt from a 38 page document filed in Federal Court in United States' District Court, Northern Indiana District of Indiana, South Bend Indiana, on 3 March, 2003 case Number 3:03 CV-0234AS." [http://www. tsaener.com /Face_ Place.asp]

"Homeland Security Unlawfully Using National Crime Database Says Lawsuit" file in the Federal District Court in Brooklyn." [Caribbean Voice; http://www.caribbean voice.org/Immigration/homelandsec.htm] and

"The families of 14 migrants who died crossing into the Arizona desert have filed a $42 million lawsuit against the U.S. Department of Interior." [Border News-May 12, 2003; http://www.visalaw.com/03may2/4may2003/html]

09)     Another excerpt from an omitted source read:

"*Leocal v. Ashcroft*, No. 03-583 (Sup. Ct. November 9 2004) the United States Supreme Court issued an unanimous decision, ruling that state driving under the influence of alcohol (DUI) offenses were not crimes of violence under Title 18 United States' Code Section 16 for the purposes of deporting foreign nationals from the United States."

10)     There had been publications vis-à-vis lawsuits against the United States' Immigration and Naturalization or other United States' Government Officials. Indeed, the nose had been on the nose! Therefore, the conclusion that the Defendant was immune was diametrically wrong if not a sophism. The approval of the filing fee waiver and used it as a basis for dismissal qualified for **promissory**, **equitable** and **representation/al** estoppels/s. The excerpts were entitled:

"[PRISON ACT] Lawsuits decry 'indefinite detentions." [http: www.prison activist.org/pipermail/prisonact-list/2003-March/006889.html]

"UNITED STATESRESOLVES LAWSUIT AGAINST POPLAR BLUFF CONTRACTING COMPANY FOR VIOL." [http://www.onaben.org/modules.php? Name=News&File&sid=77]

"Arar launches lawsuit against U.S. government." [http://www/cbc.ca/stories/ 2004/01/22/ararsuit040122]

"Former Military Lawyers Join Lawsuit Against Rumfeld." [http://www/larouche pub.com/other/2005/3210law_v_rumsfeld.html; "Executive Intelligence Review," March 11, 2005 issue]

"Lawsuit Against Rumsfeld Threatens US-German Relations" [DW-WORLD.DE DEUTSCHE WELLE; http://www.dw-world.de/dw/article/0,1564, 1427743,00.html]

"Peace Activist Settles Lawsuit Against United States Customs Service" [http:// www/aclu.org/CriminalJustice/CriminalJustice.cfm?ID=8015&c=51]

11) On **statutory** basis, which justified the case's **federal question** nature – 28 U.S.C. Section 1331 – the immunity nature of the case defied logic. The Plaintiff would intentionally avoid recourse to the 42 U.S.C., but focused on 28 U.S.C. They would be exhibited for ease of reference. [Exhibits 2-11] They were entitled:

"28 USC Section 1343. Civil rights and elective franchise."

"28 Section 1357. Injuries under Federal laws."

"28 Section 1361. Action to compel an officer of the United States to perform his duty."

"28 Section 2501. Time for filing suit."

"28 Section 2502. Aliens' privilege to sue."

"28 Section 2505. Trial before judges.

"28 Section 2674. Liability of United States."

"28 Section 2677. Compromise."

"28 Section 2678. Attorney fees; penalty" and

"28 Section 2679. Exclusiveness of remedy."

12) In the case of ***Bell v. Hood***, supra an excerpt read:

"Thus allegations far less specific than the ones in the complaint before us have been held adequate to show that the matter in controversy arose under the Constitution of the United States. *Wiley v. Sinker*, 179 U.S. 58, 68, 65 S., 21 S.Ct. 17, 20; *Swafford v. Templetion*, 1985 U.S. 487, 491, 492, S., 22 S.Ct. 783, 784, 785, *Brickerhouse v. Brooks*, C.C., 165 F.534, in which a similar suit was held to be within the jurisdiction of the federal court. The reason for this is that the Court must assume jurisdiction to decide

whether the allegations state a cause of action on which the Court can grant relief as well as to determine issues of fact arising in the controversy."

13) In the Complaint, the Plaintiff demanded for jury trial. Frivolous and malicious these and those, but none of the cases had been tried by jury. The truth should be tested. However, "A swallow never made a summer." What qualified others for jury trial and disqualified the Plaintiff? The question remained to be answered!

## CONCLUSION

If the ruling would be equated with utmost *good faith* and unconditional respect for the oath of office, one would intelligently concluded that Judge Robinson needed hand holding, so as to originate an intelligent opinion on the case. The slashed-and-burnt type would not augur well for the administration of justice in particular and mankind in general. The Plaintiff had provided extraordinary facts and law to justify the revision of the strange ruling. Failure to do so explicitly and implicitly typified calculated deprivation of the Plaintiff Equal and Due Process Clauses. Factly, "a wo/man should not forget the seed/s of her/his womb; but let dark turn into light." With candor in communications, the Plaintiff was not crying for any judicial moon! Concerted effort should be made to make the law of the land workable. IF deprivation of Equal Protection and Due Process Clauses prevailed, the Plaintiff would make a few more motions and if they failed, notice of appeal would be filed. The Plaintiff's stance legally was unshakable and indisputable! Judge Robinson needed not to love the Plaintiff, but s/he needed not to hurt the Plaintiff.

Respectfully submitted from Boston, Massachusetts on Thursday – April 14th – 2005.

CHUKWUMA E. AZUBUKO,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6291.

## CERTIFICATE OF SERVICE

The Plaintiff did not serve the Defendant with a copy of the head central to the precocious termination of the case.

_____
CHUKWUMA B. AZUBUKO,
Pro Se.





Chukwuma E. Azubuke
P.O. Box 1351
Boston, Mass. 02117

Office of the Clerk
of the
United States' District
84+ N. King Street,
Lockbox 18,
WILMINGTON — DE 19801-3...