IN THE UNITED STATES' DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| AZUBUKO -<br>　　Plaintiff<br><br>vs.<br><br>DENIS RIORDAN – DISTRICT DIRECTOR OF<br>UNITED STATES' DEPARTMENT OF<br>HOMELAND SECURITY -<br>　　Defendant | CIVIL ACTION NUMBER:<br>05-095-SLR |



**PLAINTIFF'S SECOND ADDENDUM TO 'PLAINTIFF'S FIRST MOTION FOR RECONSIDERATION'**

　　The Plaintiff did receive Judge Robinson's unfavorable ruling hand and stamp dated April 4th – 2005 on April 09th, 2005. Consequently, the Plaintiff submitted 'Plaintiff's First Motion for Reconsideration' dated April 9th too. Central to discoveries, which contradicted the dismissal *ratio-decidendi* (primary and secondary bases), the Plaintiff submitted 'Plaintiff's First Addendum to 'Plaintiff's First Motion for Reconsideration' dated April 14th – 2005. Luckily, the Plaintiff came across increasingly facts and law, which proved that the unfavorable ruling was defective and deemed it intelligent to act in keeping with head. These would be the bases:

　　01)　　Without digressing, optimum rather maximum efficiency would not be expected from any wo/man unless there existed in/voluntary philosophical reconstruction. An excerpt read thus:

　　"Opinion: The higher man: Thales, being asked what was very difficult, answered in a famous apophthegm: "To know thyself." It is even said that Socrates motto was: "Man know thyself." Thus Socrates said: "Men ought to temper and train their souls for the dignity of man lies in self mastery." Long before Socrates, one of Confucius disciples, Tse Mao had asked him "What constitutes the higher man?" He replied, "the cultivation of himself with reverential care." "Influenced by Confucius, Tse Mao concluded that "He who knows others is learned; he who knows himself is wise." Lord

Alfred Tennyson of yesteryears summarized it beautifully: "Self-reverence, self-knowledge , self-control, these three lead life to its sovereign power." [http://ww.vanguardngr.com/articles/2002/columns/c214102004.html]

02)   On page 4 of the "MEMORANDUM ORDER," it was clearly stated by accident or design as if the Plaintiff's lawsuit was the baptismal or first lawsuit against the United States' Immigration and Naturalization and presently known as the United States' Department of Homeland Security – "Having made the pauper determination, … or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. Section 1915(e) (2) (B) – 1915A (b) (1)."  On the first addendum – page 4 – the decision associated with inapplicability of "… or seek monetary relief from a defendant immune …" was negative/d – thus "…a lawsuit for $42 millions."  Indeed, the Plaintiff aimed at pulverization of the immunity propensity vis-à-vis the proceeding.  Facts and law did not match with the strange and unorthodox conclusion [by accident or design] [Exhibits 1-4]

03)   On page 7 – last paragraph – it was stated thus, in part: "Based on this authority, plaintiff was required to file judicial review of the naturalization determination …not Delaware."  As already pointed out, Fed. R. Civ. P. 4 (e), (i) **amongst others** scintillatingly provided for <u>nationwide</u> and <u>worldwide</u> service of process.  The ruling's "restrictive" approach markedly deviated from the law as the Plaintiff had studiously particularized upon.  Article III lent itself to the Plaintiff's stance as had been stated without tergiversation [earlier]  The connotation of the ruling was that the *in personam* or general jurisdiction exercise would be vitiated consequent upon the geographical location or where the Court sat.  That was untrue.  There existed constitutional, statutory and procedural bases for exercise of general jurisdiction over the Defendant regardless to the fact that the necessary parties were located in Massachusetts.  Succinctly, Judge Robinson un/knowingly avoided "prudential considerations" doctrine of the [United States'] Constitution.  The importance of 28 Sections 1651 and 2201 would not be over-emphasized.  [Exhibits 5-6]

04)   On the exercise of jurisdiction, two Canadian necessary parties were granted certiorari despite the dismissal of the case at the United States' District Court – Western District of New York and the Second Circuit affirmed.  [*Canada Malting Co. v. Paterson Steamships*, 285 U.S. 413 (1932)]  That defeated the ostensible lack of

"diversity of citizenship" – 28 U.S.C. Section 1332 – incorporation into the ruling. More, the Third Circuit on jurisdiction in the case of *Pinker, et al. v. Roche Holdings Ltd.* (Nos. 00-4318 and 01-1562) (appealed from the United States' District Court for the District of New Jersey: D.C. Civ. No. 99-cv-05627) District Judge: Honorable John W. Bissel, Chief Judge) stated, in part thus:

"The District Cout dismissed Pinker's complaint under both Fed. R. Civ. P. 12(b) (2) (for lack of personal jurisdiction) and Fed. R. Civ. P. 12(b) (6) (for failure to adequately plead reliance). In reviewing the District Court's dismissal of Pinker's complaint under Fed. R. Civ. P. 12(b) (2), we examine the extent of Roche's contacts with the United States as a whole. We think that by sponsoring ADRS that at actively traded by American investors, Roche purposely availed itself of the American securities market and thereby evidenced the requisite minimum contacts with the United States to support the exercise of personal jurisdiction by a federal court. Moreover, in light of the fact that Roche is alleged to have made affirmative misrepresentations that misled its ADR holders, we ..."

"Where Congress has spoken by authorizing nationwide service of process, therefore, as it has in the Securities Act, the jurisdiction of a federal court need not be confined by the defendant's contacts with the state in which the federal court sits. See *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 284 (3d Cir. 1981). Following this reasoning, the district courts within this Circuit have repeatedly held that a "nationwide contacts analysis" is appropriate" when appraising personal jurisdiction in a case arising under a federal statute that contains a nationwide service of process provisions." *AlliedSignal, Inc. v. Blue Cross of Calif.*, 924 F. Supp. 34, 36 (D.N.J. 1996); see also *Green v. William Mason & Co.*, 996 F. Supp. 394, 396 (D.N.J. 1998) ("[A]n assessment of personal jurisdiction under (a statutory provision authorizing nationwide service of process) necessitates an inquiry into the defendant's contacts with the national forum."). We too are persuaded by the reasoning of our prior decisions on the subject, and consistent with several of our sister courts of appeals, hold that a federal court's personal jurisdiction may be assed on the basis of the defendant's national contacts when the plaintiff's claim rests on a federal statute authorizing nationwide service of process. See *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 946-47 (11th Cir. 1997); *Busch v. Buchman, Buchman & O'Brien Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994); *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1330 (6th Cir. 1993); *United Elect., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992); *Sec. Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1316 (9th Cir. 1985), rev'd on other grounds; *Holmes v. Sec. Investor Protection Corp.*, 503 U.S. 258 (1992); see also *Autoscribe Corp. v. Goldman & Steinberg, Inc.*, 1995 U.S. App. LEXIS 2848, at *7 (4th Cir. Feb. 3, 1995( (per curiam) (not precedential) (citing *Hogue v. Milodon Engineering, Inc.*, 736 F.2d 989, 991 (4th Cir. 1984))."

## CONCLUSION

On the case, the Plaintiff would not allow the grass to grow under his feet! However and consciously, jurisprudence was not an apple-pie! Not everything should be seen as the nose was on the face or a conclusion that one had to be a Cardinal before being a Pope [in the Roman Catholic kingdom] By and large, the Plaintiff had moved heaven and earth to help Judge Robinson fashioned universally acceptable scientific decision [vis-à-vis the proceeding] Reiteratively, Judge Robinson needed no prophet to know/ing that the Plaintiff would not be or had not been allergic to justice. Justice should be seen as air and water: no reasonable person should be allergic to it. Hopefully, the role of being a visible God to mankind would not be trivialized at any time. Above all, could "justice be done and be seen to be done," at all material times. "What is good is good and what is bad is bad."

Respectfully submitted from Boston, Massachusetts on Thursday – April 21st – 2005.

CHUKWUMA E. AZUBUKO,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6291.

## CERTIFICATE OF SERVICE

Owing to the preemptive justice administration, the Plaintiff did not serve the Defendant with a copy of the head.

CHUKWUMA E. AZUBUKO,
Pro Se.



Chukwuma E. Azubuike
P.O. Box 1351
Boston, Mass. 02117

Peter T. Dalleo — Clerk,
U.S. District Court,
District of Delaware,
844 King Street,
Lockbox 18,
Wilmington — DE 19801.