APS-378                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2585
_____

CHUKWUMA E. AZUBUKO,

Appellant

v.

DISTRICT DIRECTOR DENIS C. RIORDAN
of United States Department of
Homeland Security
_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 05-CV-00095)
District Judge: Honorable Sue L. Robinson
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
September 29, 2005

Before:      SLOVITER, FUENTES AND NYGAARD, Circuit Judges.

(Filed: October 13, 2005)

_____

OPINION
_____

PER CURIAM

Chukwuma E. Azubuko appeals from an order of the United States District Court for the District of Delaware. Azubuko had filed a complaint pursuant to 42 U.S.C. § 1981 (which addresses racial discrimination in the making of contracts) and 8 U.S.C. § 1422 (which addresses the right of a person to become a naturalized citizen of the United States). The District Court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). We similarly will dismiss the appeal pursuant to that statute.

Azubuko's rambling complaint apparently sought review of a decision by the District Director of the United States Department of Homeland Security to deny Azubuko's application for naturalization. The exhibits attached to Azubuko's complaint indicate that the District Director issued a decision on September 24, 2004, denying Azubuko's application because he failed to submit a certified final court disposition for a March 26, 2004 assault and battery arrest, and information concerning court appearances in 1989 for assault and battery and in 1992 for a suspended/revoked driver's license. The District Director stated that because Azubuko failed to submit the materials, he had failed to meet the burden of demonstrating that he had been and continued to be a person of good moral character, a prerequisite to naturalization. See 8 C.F.R. § 316.10(a)(1).

The District Court properly noted that an applicant seeking review of an adverse naturalization decision must exhaust administrative remedies, and must file the petition for review in the United States District Court having jurisdiction over his residence. 8 C.F.R. § 336.9(b) and (d). Azubuko has not disputed the District Court's finding that

he failed to show that he exhausted administrative remedies; nor did he rebut the District Court's statement that the United States District Court for the District of Massachusetts would be the proper venue for any petition challenging the naturalization decision. Thus, the claims raised pursuant to 8 U.S.C. § 1422 were properly dismissed.

We further agree, for the reasons stated by the District Court, that Azubuko failed to make any showing that would support a claim pursuant to 42 U.S.C. § 1981. As the appeal is legally frivolous, it will be dismissed.